### In re GREENBERG.

(District Court, D. Connecticut. March 11, 1902.)

#### No. 446.

BANKRUPTCY—DISCHARGE—FAILURE TO KEEP BOOKS.

>    A creditor objecting to the discharge of a bankrupt is not bound to prove his specifications beyond a reasonable doubt, and proof that the bankrupt made a written statement within a few months prior to his bankruptcy for the purpose of obtaining credit, in which he did not disclose debts to relatives, which he afterwards claimed to owe, and paid while insolvent, is sufficient to cast upon him the burden of explanation, and of showing that the transactions were fully entered on his books; otherwise the court is justified in denying him a discharge on the ground of his concealment of assets and failure to keep books from which his true condition could be ascertained.

In Bankruptcy. On application by bankrupt for discharge.

Hotchkiss & Asher, for bankrupt.
Fleischman & Fox, Wm. A. Wright, D. Strouse, and others, for creditors.

TOWNSEND, District Judge. About April, 1900, bankrupt closed up his clothing business at New York, and removed to New Haven. Upon opening his New Haven store, he purchased a large amount of goods on credit, and removed the stock of winter clothing, which had cost him between seven and eight thousand dollars, from New York to the New Haven store. On June 14, 1900, bankrupt, having found that he was doing a losing business, sold the stock of winter clothing for $3,617 to a party at New Haven, who had them stored, and during the following fall sold them for about $4,500. The purchaser paid bankrupt $2,000 June 20, 1900, and $1,000 June 25, 1900, both of which sums were deposited in bank; the remaining $617 being paid about July 1, 1900. The only memorandum of the transaction on the

bankrupt's books is a deposit in his bank account of $2,030 June 20, 1900, and of $1,125.22 June 25, 1900, which deposits included said payments of $2,000 and $1,000. Bankrupt testified that out of this money he had paid $2,000 to a sister-in-law in payment of notes for money borrowed the previous year, and $670 to a friend of his brother-in-law for money loaned, and $600 to a daughter in payment of a debt. Papers purporting to be notes duly stamped for the $2,670 were produced. On January 16, 1900, bankrupt made a statement to one of his creditors, Fecheimer, Fischel & Co., the principal petitioning creditor in the bankruptcy proceedings, showing that he had on hand merchandise about $15,000, cash about $1,200, making a total of about $16,200, with total liabilities of $2,200, leaving a balance of $14,000. Bankrupt's testimony that he told Fecheimer, Fischel & Co. at the time he signed the written statement that it only included business debts is incredible. If he had told them so, they should have insisted upon his total indebtedness being included, for they must have known that a debt to a relative is more dangerous to other creditors than an ordinary debt. No memorandum or bank account whatever, made in the ordinary course of business, or which could not have been manufactured, corroborates bankrupt's testimony. The $2,000 loaned by his sister-in-law is testified to have been kept in the house, having been saved by her from time to time. The checks of the friend were made to the brother-in-law, and not to the bankrupt. The $2,000 paid to the sister-in-law was at once deposited by her husband to his own account, although before the loan she had been keeping the money separate in the house. The presumption from the written statement made for the purpose of obtaining credit from Fecheimer, Fischel & Co. should be discredited only upon the clearest evidence. The evidence in such cases is mainly within the power of the bankrupt. A transaction of this sort should be entered upon the books in the clearest way, so as to attract, rather than to evade, the notice of creditors. In the circumstances, the excuses for such action by one on the verge of insolvency should be made out in a satisfactory manner, and by evidence which could not be manufactured. The objecting creditors are not bound to prove their specification beyond a reasonable doubt.

The discharge is refused on the ground of concealment of property and failure to keep books of account or records from which the true condition of the bankrupt could be obtained.