## In re DAUCHY.

### (Circuit Court of Appeals, Second Circuit. April 20, 1904.)

### No. 126.

**1. BANKRUPTCY—DISCHARGE—CONCEALMENT OF PROPERTY.**

Where a bankrupt conveyed real estate by an absolute deed, more than two years prior to the bankruptcy, in order to constitute a fraudulent concealment by failing to schedule the same, which will defeat the right to a discharge, objecting creditors must show that the bankrupt still retains a secret interest in the property. It is not sufficient that it may have been conveyed in fraud of creditors, but it must still be in fact the property of the bankrupt's estate.

Appeal from the District Court of the United States for the Northern District of New York.

This is an appeal from an order of the District Court for the Northern District of New York, overruling specifications of objecting creditors and confirming the report of the referee recommending that a discharge be granted to the bankrupt. The objecting creditors appeal. The cause below is reported in 122 Fed. 688, 10 Am. Bankr. Rep. 527, where the facts are fully stated.

Walter S. Logan, William T. Read, and Russell G. Lucas, for appellants.

John L. Hill and Thomas O'Connor, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. But little need be added to the elaborate discussion of the facts and the law to be found in the opinion of the District Court. We agree with the conclusion there reached.

The questions presented were, first, whether the bankrupt, since the adjudication, June 24, 1901, knowingly and fraudulently concealed from her trustee real property located at Lansingburgh, N. Y., and Nantucket, Mass., belonging to her estate in bankruptcy; and, second, whether she knowingly and fraudulently made a false oath when she swore to the correctness of her schedules, which omitted this property.

The principal accusation of fraud is based upon the conveyance by the bankrupt of the Nantucket property to her father and by him to her son over two years prior to the adjudication in bankruptcy. At the time the petition was filed and the schedules verified the legal title to this property was not in the bankrupt and had not been for two years and seven months. The transfer to her son, conceding it to be fraudulent as to then existing creditors, has not been made by the act a sufficient ground for refusing a discharge. About this there is no disagreement.

In order to establish a fraudulent concealment it must appear that the property concealed belongs to the bankrupt's estate. It must be shown that the transfer was merely a temporary expedient to place the property beyond the reach of the trustee, the title to be resumed

by the bankrupt as soon as prudence will permit. In other words, it must be proved that a secret trust exists in her favor and that her son is under agreement, expressed or implied, to reconvey the property to her when the danger of attack by the creditors has passed.

Were we permitted to indulge in speculation and guesswork and to substitute suspicion for proof it would not be difficult to sustain the creditors' contention, but the burden is upon them to establish by clear and convincing evidence that the bankrupt has been guilty of the offenses alleged. In this they have failed. The referee and the District Court concur in finding that there is insufficient proof to show that the bankrupt retained an interest in the property conveyed and we are constrained to reach a similar conclusion. The law as originally passed, and since the amendments of 1903, does not prevent a discharge in cases of this character. If the law be inadequate or defective in this regard the remedy is with Congress and not with the courts.

The case of Hudson v. Mercantile Nat. Bank, 119 Fed. 346, 56 C. C. A. 250, is clearly distinguishable from the case at bar. The essential ingredients of a fraudulent concealment, which are wanting in the present case, were there clearly established. The court found that the property standing in the name of the son was in fact the property of the bankrupt, the son being the mere naked trustee of the title. The bankrupt occupied the land during the 15 years prior to the bankruptcy and during that period was in full enjoyment of the rents and profits, never accounting to his son. The latter resided in Mexico, paid no attention to the property, exercised no visible acts of ownership since his father's occupancy began and, at no time, demanded an accounting. The facts are so plainly dissimilar that the case cannot be regarded as a precedent.

The order appealed from is affirmed with costs.