## In re GUILBERT.

(District Court, E. D. Pennsylvania. March 27, 1909.)

### No. 2,489.

1. BANKRUPTCY (§ 414*)—OBJECTIONS TO DISCHARGE—FRAUDULENT CONVEYANCES—EVIDENCE.

On an application for a bankrupt's discharge, evidence *held* to sustain a finding that the bankrupt had procured certain property, in which he held an equitable interest, to be conveyed to his wife for the purpose of defrauding his creditors, and that he was, therefore, not entitled to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 722; Dec. Dig. § 414.*]

2. BANKRUPTCY (§ 408*)—OBJECTIONS TO DISCHARGE—ASSETS—FAILURE TO SCHEDULE.

Where a bankrupt made oath to a schedule of his assets which did not include an equity in certain real estate, which he procured to be conveyed to his wife for the purpose of defrauding his creditors, he was not entitled to a discharge because of having falsely sworn that he had included all his property in the schedule.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 733; Dec. Dig. § 408.*]

In Bankruptcy. On report of referee.

See, also, 154 Fed. 676.

Joseph Hill Brinton, for objecting creditor.

Francis S. Cantrell, Jr., for bankrupt.

HOLLAND, District Judge. Specifications of objections were duly filed in this case and abandoned by the party. Subsequently, on the 11th day of July, 1907, Judge McPherson allowed one A. B. Guilbert, an objecting creditor, to prosecute these specifications of objections, previously filed, in forma pauperis under the act of July 20, 1892, c. 209, 27 Stat. 252 (U. S. Comp. St. 1901, p. 706), and pointed out which of them were in form to be considered. They are ten in number, the fourth and fifth of which charge the conveyance of certain properties, in the borough of Norristown, to the wife of the alleged bankrupt on December 4, 1905. The consideration of these properties, it is alleged, was paid by Thomas M. Guilbert, and conveyed to his wife for the purpose of defrauding his creditors.

An examination of the record shows that the bankrupt had an interest in the properties mentioned in the fourth and fifth specifications of objections, and that he placed them in his wife's name for the purpose of keeping them out of the reach of his creditors. The properties were owned by one Albrechi, and figured in a trade of property in the county of Montgomery. They were mortgaged for $3,000, and played a part in the transaction which was negotiated and conducted by the bankrupt as the real estate agent. Three or four properties were involved, together with some cash, and the bankrupt was entitled to a commission. He was paid $100, and the title to these properties was placed in the name of his wife, for which she paid nothing, and she held the title when the schedule of his property in bankruptcy was filed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There was an effort to show that during the negotiations for the exchange by Guilbert, as agent, it was discovered that the properties mentioned in the fourth and fifth specifications had no value over and above the mortgage, and that they were simply given to Mrs. Guilbert to have somebody to hold the title; in other words, they were so worthless that neither Albrechi nor any of the other parties interested in the transaction cared to have the title in their names, and that Mrs. Guilbert was willing to have the burden thrust upon her. This is such an unusual and improbable story that the mere recital of it, in connection with the other facts and circumstances established by documentary evidence and the uncontradicted testimony of witnesses, is the most convincing proof of the fact that the transfer was intended as part compensation to Guilbert for his commission as agent in bringing about the exchange of the properties. There is no doubt about the fact that the bankrupt was a real estate agent, and that he took up this scheme of making this exchange in properties and went to very considerable trouble to carry it into effect, and as part of the result of his efforts we find that the title to these properties was placed in the name of his wife, for which she gave no consideration whatever. So that, whatever the value of the equities, it is plain they were to go to the bankrupt for value, and he placed the title in the name of a third party, as he had been doing with all his real estate for years, during all of which time he was indebted in a considerable amount. The objection raised to his discharge upon this ground should therefore be sustained.

And, further, the seventh specification charges the bankrupt with having committed an offense punishable by imprisonment in having made a false oath to his schedule of assets in his petition in bankruptcy in not having included his interest in these properties. However small the value of the equities in these properties was at the time of the filing of the petition, if they belonged to the bankrupt, it was his duty to schedule them as an asset. Having failed to do so, he could not truthfully swear that he had included all his property in the schedule, and in making such an affidavit he is guilty of having made an oath to a false statement.

The fourth, fifth, and seventh specifications of objections to the discharge of the bankrupt are sustained, and his discharge is refused.