## In re WERMUTH.

(District Court, N. D. New York. August 5, 1910.)

BANKRUPTCY (§ 407*)—FRAUDULENT CONVEYANCES—CONVEYANCE TO WIFE— SECRET TRUST—DEFEATING DISCHARGE.

Where a bankrupt transferred certain mortgaged realty to his wife in 1894, which conveyance was not concealed in any way, and there was no admission or declaration by either that the bankrupt had or claimed any subsequent interest therein, the fact that he continued to reside with his wife on the property and on other real estate which she purchased, and that he performed services thereon for her, the value of which was not shown to be worth more than his board, was not sufficient to establish a secret trust, which could be made available by the bankrupt's creditors in resistance of an application for a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 742–749; Dec. Dig. § 407.*]

In the matter of Lewis J. Wermuth, bankrupt. On application to confirm report of special master recommending discharge of the bankrupt. Granted.

M. H. Kiley, for bankrupt.
E. S. Moore, for objecting creditor.

RAY, District Judge. The contention of the objecting creditor is that several years ago the bankrupt, Lewis J. Wermuth, conveyed certain real estate which he owned, subject to a mortgage, to his wife without consideration, and later his interest in a legacy given him by the will of Ebenezer Wermuth, by assigning it to one Fuller, who held a bond given by Wermuth secured by a mortgage on such property, and also other claims on the property of the wife, and that such bankrupt retained a secret interest in such real estate and property, and has been guilty of concealing property from his trustee in bankruptcy by not disclosing such secret interest, and of making a false oath, etc., by not disclosing or scheduling same.

Ebenezer Wermuth died in 1899, and the balance of the $2,000 legacy that went to Fuller under the assignment, after paying costs, etc., was about $1,000. The real estate, 25 acres, for which he paid $1,015, and on which was a mortgage of $500, was transferred to the wife in 1894. The interest of the bankrupt in the legacy went to pay a debt on which he was liable. There is no proof that there was any agreement or understanding between the bankrupt and his wife that he should retain or have any interest in such property, or any of it, or that it should ever be reconveyed to him, except the court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

179 F.—64

is asked to infer that such was the fact from the fact that since such transfer Wermuth has continued to live with his wife on this place and other real estate which she·purchased, and work and carry same on, not.as his own, however, as there is no claim the ownership of the wife ·has been concealed, or that he or she has claimed or admitted he had any interest therein. I do not think a secret trust or ownership can be inferred from the facts appearing. If Wermuth conveyed to the wife to cheat and defraud creditors, a suit in equity to set aside the transfer would be an appropriate remedy, and, assuming there is no bar to such an action by reason of laches or statute of limitation, the remedy is available to a trustee.

There may be such a holding and management of property, retention of possession, custody, and control, as to show an agreement that a secret interest has been retained by the grantor and that such is the common understanding.. But this is not such a case. The bankrupt was not under obligation to leave his wife, and she did not peril her ownership by not turning him out of doors. It was his duty to live with her and aid in her support. There is no proof that the bankrupt did more for the wife than his board, etc., were worth. The burden of showing the retention of an interest in this property, or some of it, was on the objecting creditor, and he has failed to sustain the burden or show facts to substantiate such a claim. I think In re Dauchy, 130 Fed. 532, 65 C. C. A. 78, affirming this court in 122 Fed. 688, is quite pertinent and conclusive here. In the Case of Dauchy, ·122 Fed. 688, this court cited and commented· on the cases, and I do not see that it is necessary to go over them.

The recommendation of the referee is approved, and a discharge will issue. So ordered.