In re GRAVES.

(District Court, M. D. Pennsylvania. September 5, 1911.)

No. 1,449.

BANKRUPTCY (§ 408*)—RIGHT TO DISCHARGE—CONCEALMENT OF PROPERTY.

The transfer by a bankrupt, while insolvent, of the property which he occupied and continued to occupy as a hotel, to his wife, and its omission from his schedules, where there is evidence sufficient to satisfy the court that it is really held for his benefit and subject to his control, constitutes a concealment of the property from his trustee, and defeats his right to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 735; Dec. Dig. § 408.*]

In the matter of Clayton B. Graves, bankrupt. On application for discharge. Discharge denied.

Niles & Neff, for specifications.

Jos. R. Strawbridge and Ehrehart & Bange, for bankrupt.

WITMER, District Judge. The bankrupt is a hotel keeper, who conducted his business upon a property, the paper and record title to which is in his wife, having admittedly been purchased with funds donated to her by her husband some time previous. Her title to the same being questioned in another proceeding pending, the court will refrain from discussing this until the whole record is before it in the other suit.

According to the story of the bankrupt he has for some years intermingled his own property and estate with that of his wife, continu-

ously, to the time of his adjudication as a bankrupt. To what extent this was done he is unable, or unwilling, to inform the court, having kept no books of accounts, or records from which the state of his business relations with his wife might be determined, or his financial condition ascertained. This was done notwithstanding that he knew, or should have known, that he was a bankrupt, and having previously transferred his property in a manner calculated to stamp the transaction with suspicion of fraud. This is sufficient reason in itself to deprive the bankrupt of a discharge. In re Greenberg (D. C.) 8 Am. Bankr. Rep. 94, 114 Fed. 773. He, moreover, now comes and would have this court believe that by oral agreement with his wife he was to have the rental of the hotel property and outfit for payment of taxes and the dues ($140) payable monthly to the building and loan association on account of a loan to his wife, secured by mortgage upon the property. He has, however, not succeeded in persuading the court that there was any agreement between them other than that possibly she was to have the benefits and profits of the business, while he would undertake to assume the burdens and liabilities, which he is now trying to shake off by the aid of the court. He is not here with clean hands, and must learn that the court cannot be used to further his chicanery. The federal bankruptcy law was not enacted or intended to aid and relieve the dishonest. It will allow him to continue to stagger under the load voluntarily assumed, without regard for injuries inflicted on the credulous and unwary.

The testimony taken and reported by the special master is ample to justify his conclusion that, even if the bankrupt is not the actual owner, he has at least an equitable interest in the hotel property, which he has concealed from the court, and that such concealment has been continuing. To entitle the bankrupt to a discharge, there must be entire good faith on his part. He must surrender his property fully. He cannot retain or conceal any part thereof which should go to his creditors. If the property, or a portion of it, belonging to the bankrupt, has been vested directly or indirectly in his wife, no matter when that was done, if the court believes from the evidence that it was done and continued fraudulently, and the property really was held for the bankrupt's benefit and subject to his control, the failure to mention such property, of whatever it may consist, in the schedule, and to inform the trustee in regard thereto, is concealment of property, and will prevent a discharge. This is a well-settled principle, requiring no reference to cases decided.

The application by the bankrupt for a discharge is refused, and the order of the special master, as to costs, is affirmed.