---

### In re KEAN.

(District Court, E. D. New York. November 25, 1916.)

1. BANKRUPTCY ⬤==163—PREFERENCE—CONVEYANCE IN PERFORMANCE OF IMPLIED TRUSTS—CREDITORS.

Where a husband, with money belonging to his wife, purchased real estate, taking title in his own name, and agreeing at any time to convey the land to her, a breach of the obligation might leave the wife a creditor, though the trust was not one provided for by the lex fori, and in such sense a conveyance back of the property in derogation of the rights of the husband's other creditors would only operate as a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248; Dec. Dig. ⬤==163.]

2. BANKRUPTCY ⊚⟶407(3)—DISCHARGE—GROUNDS FOR.

> While a preference given within four months of bankruptcy is subject to attack, it is no ground for opposition to a discharge.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 740, 742–749; Dec. Dig. ⊚⟶407(3).]

3. BANKRUPTCY ⊚⟶408(3)—DISCHARGE—CONCEALMENT OF ASSETS.

> Where a bankrupt did not intentionally conceal his assets from his trustee, a conveyance of land to secure an equitable claim belonging to his wife, though it rendered him insolvent, would not necessarily involve fraudulent concealment of assets, warranting denial of discharge.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 735, 736; Dec. Dig. ⊚⟶408(3).]

4. BANKRUPTCY ⊚⟶415(3)—REFERENCE ON OPPOSITION TO DISCHARGE—FINDINGS OF SPECIAL COMMISSIONER.

> A finding of fact by a special commissioner in bankruptcy on opposition to the discharge of the bankrupt should be upheld, if there is any evidence to support it.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–701, 704, 707; Dec. Dig. ⊚⟶415(3).]

5. BANKRUPTCY ⊚⟶407(5)—DISCHARGE—OBTAINING CREDIT BY FALSE REPRESENTATIONS.

> A bankrupt's discharge will not be denied on the ground that he made false representations for the purpose of securing credit, because one who extended credit relied on an incorrect statement made two years before by the bankrupt to a commercial agent; the statement not having been made in contemplation of securing credit, and the creditor having failed to make additional inquiry.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761; Dec. Dig. ⊚⟶407(5).]

In Bankruptcy. In the matter of the bankruptcy of Abraham Kean. On opposition to discharge. Report of special commissioner, overruling objections, confirmed.

Otto B. Schmidt, of New York City, for objecting creditor.
Caldwell & Holmes, of Brooklyn, N. Y., for bankrupt.

CHATFIELD, District Judge. Discharge is opposed because of a transfer of real estate in 1914 to the wife of the bankrupt at a date subsequent to the extension of credit by the judgment creditor who is urging that the discharge be denied.

[1, 2] It appears that in 1912 the bankrupt's wife inherited some money with which this real estate was purchased. It was taken in the husband's name, and as late as the fall of 1914 he obtained an extension of mortgage upon an application signed by himself as owner. He also told the representative of Dun & Co. that there was real estate in his name as owner. The particular debt of this objecting creditor was reduced to judgment in May, 1915, and after examination in supplementary proceedings the bankrupt filed a voluntary petition scheduling this debt. This was considerably more than four months subsequent to the transfer of the real estate by the bankrupt to his wife. His explanation of the transfer is that he recognized an obligation to deed the property back to his wife at any time when she requested it.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Even though such a trust is not one provided for by the laws of New York (Laws 1909, c. 52 [Consol. Laws, c. 50] art. 4), a breach of the obligation might leave the wife a creditor, and in this sense the deeding back of the property was the giving of a preference. It could not be attacked unless done within four months of bankruptcy, and would not of itself be a ground for opposition to the discharge. The special commissioner has reported that as to this transaction the evidence does not show an intent to conceal property from the trustee, even though the concealment was continued within four months of bankruptcy.

[3] If the payment merely constituted a preference, the discharge should be granted, and if the bankrupt did not intentionally conceal his assets from his creditors, but sought to secure an equitable claim belonging to his wife, even though it might make him insolvent, it would not legally of necessity involve fraudulent concealment of assets. In re Dauchy, 130 Fed. 532, 65 C. C. A. 78, distinguishing Hudson v. Natl. Bank, 119 Fed. 346, 56 C. C. A. 250.

[4] The finding of the special commissioner as to the actual intent of the bankrupt should not be disregarded, if there is any evidence to support it, and it does not seem that the objecting creditor has made out a case where there is no evidence to justify the finding that the bankrupt's intent was either to pay a debt or to recognize an equitable claim which was not conceived in fraud.

[5] As to the other objection, that the bankrupt had procured goods by means of false representations, it appears that, some two years before incurring the debt in question, he had given a statement to a commercial agency which was relied upon by the creditor. This statement was at once admitted by the bankrupt to be incorrect, but some testimony indicates that it was in fact substantially true, and that the bankrupt had forgotten the matter. In any event, even if false, it was not a statement made in contemplation of the securing of credit, which could be relied upon by the creditor *without additional inquiry.*

There is not sufficient upon which to base opposition to the discharge. The report will be confirmed.