## In re DAVIS.

District Court, E. D. Texas, Tyler Division. August 21, 1929.

No. 2733.

Carter & Berwald, of Dallas, Tex., for contesting creditors.

F. H. Prendergast, of Marshall, Tex., for bankrupt.

ESTES, District Judge. The application by the bankrupt herein for a discharge is contested by a number of his creditors. The specifications allege, among other things, that he concealed assets and removed them, where they were discovered only after a careful and tedious search; that he conveyed property for the purpose of injuring and defrauding creditors; and that he made false oaths in connection with his schedules. His transactions are conceded to be sufficient to preclude his right to a discharge, unless the contesting creditors are estopped from interposing an objection to his discharge by reason of an agreement made in connection with the settlement of a suit that was instituted by the trustee to set aside a conveyance of land in fraud of creditors.

The agreement substantially was, in so far as it is pertinent herein, that certain goods seized by the marshal under a search warrant, and certain land conveyed by the bankrupt to his daughters, would be released by the trustee upon payment of $9,000. It contained a stipulation that, "in the event the payments * * * are made promptly on the dates stipulated, * * * then the said party of the first part, the trustee, will release all claims of any and every nature held by him against the said parties of the second part, and will not file any objections to the application for discharge." It is shown that no notice of a meeting to consider this compromise was ever sent to the creditors, and the contesting creditors deny having participated in the conference and subsequent agreement relating to the compromise, or, indeed, having any knowledge of it. The terms of the compromise were ultimately carried out; that is, $9,000 was ultimately paid to the trustee, the lands and goods were duly released by him, and he has not filed objections to this application.

It is the contention of the bankrupt (a) that there is no evidence in the record that the creditors who are contesting here were not present when the compromise was made, and that in the absence of such proof they are bound by the terms of it; (b) that because they have received dividends from the funds obtained as the result of this compromise, and because the status of the parties has changed by reason of carrying out the terms of it, and it is not now possible to restore the original conditions, these creditors are estopped from now interposing opposition, as individuals, to the bankrupt's discharge.

The trustee obviously had no authority to act for the creditors in the matter of contesting the discharge. He "shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do by the creditors at a meeting of creditors called for that purpose on the application of any creditor." Bankruptcy Act § 14b(7), 11 USCA § 32(b), (7). So, when he agreed to interpose no objections, he agreed to do something that, except as stated above, was not within the purview of his duties, and could, in the nature of things, relate only to himself personally. To that extent, therefore, the agreement afforded no advantage to the bankrupt.

Then, instead of there being an absence of proof that these parties were not present when the compromise was made, the only affirmative evidence on the subject is that of the trustee, who testified that "none of the creditors contesting the bankrupt's discharge were present or represented at the hearing on January 17, 1928, or made the agreement. I only tried to bind myself as trustee of the estate in respect to not opposing the discharge."

I think, too, it can hardly be said that the status of the parties was changed by that feature of the agreement. In the first place, I do not see that the stipulation has been violated. The trustee is not contesting this discharge, and the stipulation was that he, not the creditors here, would not do so. The only matter involved in the suit was the title to the property in question. As to that, the defendants in the suit got the lands and goods, and the trustee the money. Can it be said that because the trustee could not bind the creditors who did not take part in the conference and terms of settlement with respect to what they would do as to a final discharge—a thing he did not purport to do—that the defendants in the suit could, if it were practical, set aside the arrangement and be placed in their original status, particularly when the authority of the trustee is regulated by the statute? The contesting creditors merely collected, through the channels of the bankruptcy court, debts that are conceded to have been valid and due. Having no knowledge of the arrangement, nor participating in the agreement, what rule of equity would require them to restore the dividends they have received, if such were practical, before they could properly contest a discharge? It does not appear, however, as stated above, that the terms of the agreement have not been in every respect complied with.

I do not see, despite the opinion of counsel for the bankrupt herein, for whose judg-

ment I have the greatest respect, that the principle of estoppel is applicable to a case like this. One cannot estop himself from preventing a thing that the law declares shall not be done. The proceeding relating to a discharge in bankruptcy involves a judicial act that can be performed by the judge alone, upon consideration of the merits of the case. It is shown here that, by reason of the things done by the bankrupt, he cannot, under the terms of the statute, be granted a discharge. The proposition is not whether the court, of its own motion, should direct an investigation upon the question of whether the bankrupt is entitled to be discharged, when no objections have been filed. Instead of that, the case is one where objections have been filed, and the court is confronted with a stipulation that he is not entitled, as a matter of law, to a discharge—that is, he has done one or more of the things that preclude a discharge.

So, in the last analysis, the contention, as I construe it, is that, despite such conditions, the creditors who are contesting here should not be permitted to do so, because they have received dividends from the proceeds of a compromise in a suit by the trustee for the recovery of specific property, one of the terms of which compromise was that the trustee would not interpose any objections to a discharge—in other words, that the plain provisions of the law should, for such reason, be disregarded, and this man be permitted to accomplish a result that is forbidden.

It is manifest to me that, when the record here is considered, the applicant is not entitled to a discharge. The judgment of the referee is therefore confirmed, and the application herein is denied.