## HUNTLEY v. SNIDER. *
### No. 3170.

Circuit Court of Appeals, First Circuit.
Nov. 20, 1936.

*Rehearing denied 88 F.(2d) ——.

Alexander G. Gould, of Boston, Mass. (Harry Shapiro, of Boston, Mass., on the brief), for appellant.

Herman Snyder, of Boston, Mass. (Samuel L. Bailen, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by a bankrupt from an order of the District Court refusing his discharge. Various specifications of objection were filed. It will be necessary

to consider only the sixth. "6. That the bankrupt herein has committed an offense punishable by imprisonment under the Bankruptcy Act [section 29b, of the act, 11 U.S.C.A. § 52(b)] in that he has knowingly and fraudulently concealed while a bankrupt from his trustee certain moneys and property, the exact amount and nature of which is at this time to this creditor unknown, belonging to his estate in bankruptcy."

The specifications of objection were referred to Referee Young as special master to state the facts. From his report it appears that Huntley was adjudicated bankrupt on his voluntary petition filed August 9, 1930. David W. Huntley, Inc., a corporation in which he was interested, had filed a voluntary petition on June 25, 1930. In or about February, 1929, Huntley transferred to his wife without any consideration therefor savings bank accounts and certificates of stock amounting to more than $25,000. None of this property nor any interest in it was scheduled by him or reported to his trustee or turned into his estate. The referee found "that the bankrupt intended to conceal and did conceal from his trustee in bankruptcy the assets in question and that this concealment continued until the trustee in bankruptcy sometime after his qualification as such trustee ascertained the true facts and filed in court on 20 October 1930, a petition to compromise the trustee's claim against Mrs. Huntley." He also found "that the assets so transferred remained in fact his (Huntley's) property. And that he continued to conceal the same from his trustee in bankruptcy until some months after the latter's appointment and qualification." Judge Brewster accepted these findings of fact, saying (14 F.Supp. 784, 786): "Clearly on the Referee's report it cannot be ruled that the transfers were a bona fide gift to the wife." He denied the discharge, citing In re Guilbert (D.C.) 169 F. 149; In re Graves (D.C.) 189 F. 847; and In re Schroeder (D.C.) 264 F. 862.

▆ The specification under discussion is objected to by the appellant as too general and not sufficiently specific. It is clearly sufficient to raise the issue. If the appellant regarded it as too indefinite he should have asked for particulars. Such a question cannot be raised for the first time on appeal.

▆ The referee reported that "To sustain my findings of fraudulent intent and continuing concealment of assets from the trustee, it is necessary for me to rely in part upon the fact that Mrs. Huntley paid $13,000 in equal amounts to the two trustees in bankruptcy, namely Mr. Makepeace and Mr. Hathaway, in full settlement of their claims against her, said claims being based upon the various transfers of property described in the two petitions to compromise." Judge Brewster held that the referee was right in considering in connection with other facts disclosed the circumstance that the bankrupt's wife on demand by the trustee had returned to the estate a substantial part of the property conveyed to her by her husband as above stated; that such evidence was relevant on the questions whether there were assets and whether the bankrupt knew of them and intended to conceal them. We think the ruling was clearly right. The rule that offers of compromise will not be received as admissions of liability applies only between parties and has no application to a completed transaction as shown by the facts here presented. 2 Chamberlayne on Evidence, § 1442. We perceive nothing in the circumstances surrounding the return of the property to make what was done inadmissible. It clearly appeared that the bankrupt had made many voluntary transfers of property to his wife under circumstances which left no doubt that they were made in pursuance of some plan. The special master found that such was the fact and that the plan was to conceal the property and defraud the transferor's creditors. The return to the trustee by the wife of a portion of the property so transferred to her was relevant for the reasons stated by Judge Brewster. See Needham v. Sanger, 17 Pick. (Mass.) 500; In re Davis (D.C.) 34 F.(2d) 778; In re McCann (D.C.) 179 F. 575. In the last case the bankrupt was insolvent at the time when the transfers were made. But that distinction is not significant, because in the present case it has been found as a fact that the bankrupt made the transfers with intent to conceal the property and defraud his creditors, and that the assets so transferred remained in fact his property.

The decree of the District Court is affirmed, with costs.