## In re PERKINS.

No. 152a.

District Court, D. New Jersey.

Aug. 8, 1941.

Wall, Haight, Carey & Hartpence, by James R. Laird, Jr., all of Jersey City, N. J., for objecting creditor.

Thomas D. Taggart, Jr., by John W. Parsons, Jr., both of Atlantic City, N. J., for bankrupt.

FORMAN, District Judge.

On November 23, 1928, the objecting creditor, Charles W. Cole, obtained a judgment in the United States District Court for the District of New Jersey in the sum of $2,631.79 against the bankrupt. In 1931 the bankrupt inherited $2,100 and later in 1934 or 1935 an equal interest with his sister in the sum of $550. The sum of $2,100 was appropriated by the bankrupt's father to his business immediately on its receipt. There was no agreement between the bankrupt and his father that the money should be returned or held in trust for the bankrupt's benefit, although he stated he would have returned it if he had had sufficient money. The bankrupt testified that he gave the fund to the father to repay him for money spent on his education.

At the time the bankrupt inherited the joint interest in the sum of $550 he was living in Linwood, New Jersey, and his sister was living in Elkins Park, Pennsylvania, some fifty-five miles away. The fund was deposited in a bank in Elkins Park on the sister's suggestion. The bankrupt's share in this money was spent for living expenses of himself and parents. The bankrupt's adjudication occurred February 8, 1940.

Charles W. Cole, the objecting creditor, opposes discharge on the following grounds:

1. The bankrupt has committed offenses punishable by imprisonment in that he has wilfully, knowingly and fraudulently—

(a) spent, concealed and unlawfully transferred property belonging to him

which he was obligated to apply to the payment of the judgment of Charles W. Cole, and other debts owing to other creditors,

(b) concealed from his creditors and from his trustee, property and assets belonging to his estate in bankruptcy,

(c) made a false oath in relation to his bankruptcy proceedings herein.

2. The bankrupt transferred, and within the period prescribed by the statute, removed and concealed his property with intent to hinder, delay and defraud his creditors.

3. The bankrupt failed to make and preserve books of account and records from which his financial condition and these unlawful transactions might be ascertained.

4. The bankrupt has failed to explain satisfactorily a deficiency of assets to meet his liabilities.

The facts as briefly outlined above were found by the Referee. He concluded that the bankrupt satisfactorily explained his deficiency of assets in that he had stated that the sum of $2,100 was given to his father, and that his interest in the sum of $550 was used for living expenses, that his failure to keep books was justified on the ground that he was a wage earner and not in business, citing In re Weismann, D.C., 1 F.Supp. 723, In re Pinko, 7 Cir., 94 F.2d 259, and In re Neiderheiser, 8 Cir., 45 F.2d 489, that there was not a concealment of the sum of $2,100 in question within the meaning of the Bankruptcy Act, because the father did not hold it in trust or under an agreement to return it, and because both funds had been expended more than a year prior to adjudication—hence, there was nothing to conceal. He also concluded that since there was no concealment the failure to disclose the two funds in the schedules did not constitute a false oath, citing Hanover-Capital Trust Co. v. Meyer, 3 Cir., 57 F.2d 815.

Objections to the discharge were therefore denied, and the case is presently before this court on petition for review.

The material parts of the Bankruptcy Act provide as follows:

"The court shall grant the discharge unless satisfied that the bankrupt has

"(1) committed an offense punishable by imprisonment as provided under this Act [title]; or

"(2) * * * failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; or

* * *

"(4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; or

* * *

"(7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities * * *." Section 14, sub. c, Bankruptcy Act of 1938, 11 U.S.C.A. § 32, sub. c.

The relevant portions of the Act with reference to offenses punishable by imprisonment are as follows:

"A person shall be punished by imprisonment * * * upon conviction of the offense of having knowingly and fraudulently

"(1) concealed from the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any proceeding under this Act [title], any property belonging to the estate of a bankrupt; or

"(2) made a false oath or account in or in relation to any proceeding under this Act [title] * * *." 11 U.S.C.A. § 52, sub. b, Section 29, sub. b, Bankruptcy Act of 1938.

Transactions with reference to the two funds in question occurred several years in addition to twelve months preceding the filing of the petition in bankruptcy. The objecting creditor, however, seeks to bring them within the meaning of Section 14, sub. c(4) of the Bankruptcy Act supra and its time limitation particularly on the ground that they constitute a continuing concealment of property.

Fraudulent transfers of property beyond the time limitation of twelve months set forth in Section 14, sub. c(4), may nevertheless constitute a concealment of property to defraud creditors within its terms provided the transfer is made on secret trust, express or implied, title to be resumed when the danger of attack by

creditors has passed. In re Doody, 7 Cir., 92 F.2d 653; In re Neiderheiser, 8 Cir., 45 F.2d 489; In re Fackler, D.C., 246 F. 864; In re Wakefield, D.C., 207 F. 180; In re Dauchy, D.C., 130 F. 532. The burden of proof in such case is upon the objecting creditor to establish that the secret trust exists. In re Neiderheiser, and In re Dauchy, supra.

Herein, the Referee has found as a fact that there was no secret trust between the bankrupt and his father, and that the bankrupt retained no interest in the fund. These facts distinguish the cases cited by the objecting creditor for the proposition that there is a continuing concealment. Huntley v. Snider, 1 Cir., 86 F.2d 539; Goetz v. United States, 7 Cir., 59 F.2d 511; In re Ulrich, D.C., 18 F.Supp. 919; In re McCann, D.C., 179 F. 575; In re Guilbert, D. C., 169 F. 149; In re Toothaker Bros., D. C., 128 F. 187.

The Referee also found as a fact that there was no fund in existence subject to concealment. The objecting creditor, however, argues, that the fund was transferred to the bankrupt's father without consideration and that the right of the bankrupt to its recovery constituted an asset which is the subject of concealment. The Referee recognized that voluntary conveyances by an insolvent are presumably in fraud of creditors and may be recovered by the trustee, but such transfers will not bar a discharge under Section 14, sub. c(4), unless they occur within twelve months of adjudication.

We conclude that the transfer of property herein was a completed transaction occurring more than twelve months prior to the filing of the petition in bankruptcy and that the alleged right to recover the property transferred does not constitute an asset which is the subject of concealment. In re Hennebry, D.C., 207 F. 882.

Whether or not the bankrupt has committed an offense punishable by imprisonment in that he has concealed property from his creditors within the meaning of Section 29, sub. b(1), supra, is a matter for statutory construction. It is to be noted that no time limit is included in this section, and hence, the objecting creditor argues that if at any time funds are concealed from a creditor, before the filing of the petition in bankruptcy or afterwards, an offense punishable by imprisonment is committed. Accordingly, he argues that the two funds were concealed from it.

Concealment "from creditors in any proceeding under this Act [title]" was added in the Bankruptcy Act of 1938. Prior to that addition the offense must have been committed at the time of the appointment of the trustee, or if before, it must have constituted a continuing offense. Revis v. United States, 8 Cir., 9 F.2d 496. We do not think an enlarged construction of the Act in the time area was intended by the amendment of 1938. The concealment must be in "any proceeding under this Act [title]" and of "property belonging to the estate of a bankrupt". Therefore, we conclude that completed transactions of the type here in issue do not constitute offenses punishable by imprisonment.

We agree with the Referee's conclusions, and for the reasons given that the absence of concealment precludes contentions with regard to the existence of a false oath, that the deficiency of assets was satisfactorily explained and that the bankrupt was not required to keep records of the transactions involved herein.

It follows that the petition to review the Referee's order of discharge is dismissed.