### In re McCANN et al.

(District Court, E. D. Pennsylvania. May 14, 1910.)

No. 3,202.

1. BANKRUPTCY (§ 414*)—OFFENSES AGAINST BANKRUPT LAW—CONCEALMENT OF ASSETS.

Where a bankrupt, while insolvent, conveys property to a near relative without consideration, and afterwards fails to disclose the existence of such property in his schedules, he is prima facie guilty of concealing assets from his trustee, though the conveyance may have been made more than four months before the petition was filed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*]

2. BANKRUPTCY (§ 408*)—DISCHARGE OF BANKRUPT—GROUNDS FOR REFUSAL—CONCEALMENT OF ASSETS.

Where a bankrupt conveys property to a near relative without consideration, and fails to disclose it in his schedules, if the innocence of the transaction is made to appear, the conveyance and subsequent omission from the schedules will interpose no obstacle to the bankrupt's discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 408.*]

3. BANKRUPTCY (§ 415*)—DISCHARGE OF BANKRUPT—HEARING—QUESTION OF FACT.

On proceedings for the discharge of bankrupts, the question whether an explanation offered by them of a transfer to a near relative without consideration and of the omission of the property from the schedules is credible is a question of fact.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

4. BANKRUPTCY (§ 415*)—DISCHARGE—GROUNDS FOR REFUSAL—CONCEALMENT OF ASSETS.

Where the finding of a special referee rejecting the explanation given by bankrupts of a conveyance to a near relative without consideration and of the omission of the property from the schedules is supported by the evidence, the discharge of the bankrupts will be refused.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

In the matter of the bankrupt estate of Joseph A. McCann and another, individually and trading as McCann Bros. Heard on excep-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions to report of a special referee on objections to discharge in bankruptcy. Report confirmed, and discharge refused.

See, also, 171 Fed. 266.

Robert J. Byron and Edmund W. Kirby, for bankrupts.
G. Von Phul Jones, for objecting creditor.

J. B. McPHERSON, District Judge. The exceptants concede—and, indeed, the authorities would compel the concession—that if a bankrupt, while insolvent, conveys property to a near relative without consideration, and afterwards fails to disclose the existence of such property in his schedules, he is prima facie guilty of concealing assets from his trustee, although the conveyance may have been made more than four months before the petition was filed. I say prima facie, because such a transaction as is thus supposed may no doubt have been innocent; and, if its innocence be made to appear, the conveyance and the subsequent omission of the property from the schedules will interpose no obstacle to the bankrupt's discharge. In the case now before the court the only question is whether the explanation offered by the bankrupts of such a transfer is credible, and this is, of course, a question of fact. The referee (Theodore M. Etting, Esq.) who heard the explanation offered by the witnesses disbelieved it, and rejected their testimony upon this subject altogether. This left the transaction without support, and justified the inference that the conveyance had been made for the purpose of concealing the property of the bankrupts, in order that they might in some way profit thereby. Following the well-known rule that gives great weight to a referee's judgment concerning the oral evidence of witnesses who have been examined in his presence, I can only say that it seems to me impossible to declare the findings in the case before me to have been clearly erroneous. Accepting them as true, the conclusion of the referee inevitably follows.

His report is therefore confirmed, and the discharge of the bankrupts, either individually or trading as the partnership of McCann Bros., is refused.