### PIRVITZ v. PITHAN.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1912.)

No. 3,599.

BANKRUPTCY (§ 408*) — DISCHARGE — OBJECTIONS — TRANSFER OF PROPERTY — FRAUD.

    Facts *held* to justify denial of a bankrupt's petition for discharge, on the ground that within four months prior to the filing of his petition in bankruptcy he had transferred and disposed of specified property with intent to hinder, delay, and defraud his creditors.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

Appeal from the District Court of the United States for the Southern District of Iowa.

In the matter of bankruptcy proceedings of John Pirvitz. From an order sustaining objections of John Pithan to the discharge, the bankrupt appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George H. Mayne, for appellant.

Jacob Sims, for appellee.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. This case comes to this court upon appeal from the judgment of the District Court for the Southern District of Iowa, refusing to grant a discharge in bankruptcy to John Pirvitz, bankrupt.

The record discloses that one John W. Pithan, the objecting creditor, commenced an action in the state court, in August, 1908, against Pirvitz, to recover damages which he alleged he had sustained by the running away of a team of said Pirvitz in the month of June preceding. John Pirvitz was the owner and possessed of personal property of the value of approximately $3,500, and on September 7th, a little more than a week after said suit was commenced by John W. Pithan against him, he conveyed by bill of sale to one H. C. Pithan, a relative by marriage, all of his property not exempt from execution, for a recited consideration of $3,100. No consideration was paid, nor was there any change in the possession of the property. On November 30th the trial of the case was commenced, and on that day H. C. Pithan executed a bill of sale covering the same property described in the bill of sale from Pirvitz to Pithan to one Herman Garbe, for a recited consideration of $3,400. There was no consideration for said sale, and the possession remained in Pirvitz. A verdict was returned December 2d against Pirvitz in the action for $2,700, and on the following morning Pirvitz went to one Marshall, a neighbor of his, and solicited him to buy his corn, hogs, and other personal property, and Marshall bought all of Pirvitz's property exempt from execution, excepting one span of horses, for the agreed sum of $1,668, and Pirvitz, on the same day, sold one span of horses to a neighbor by the name of Peters for the sum of $150. On this same day Garbe reconveyed the property to Pirvitz. By these two sales to Marshall and Peters, Pirvitz disposed of all of his property not exempt from execution. Marshall retained out of the amount which he was to pay the sum of $480, which Pirvitz was owing to another party for the rent of the farm upon which he was living, and Marshall paid that amount to Pirvitz's landlord. Within a day or two after receiving the money, Pirvitz went to Greeley county, Neb., purchased, as he claims, 80 acres of land at $20 an acre, and paid thereon the sum of $800. He paid to his attorney, who defended the action brought by John H. Pithan, for attorney's fees and expenses in that case, the sum of $500, and in December he filed his petition in bankruptcy, scheduling only such assets as he claimed exempt, and in February, 1909, petitioned for a discharge. John H. Pithan, having proved his claim in the bankruptcy proceedings, filed objections to the discharge; one of the grounds being that Pirvitz, the bankrupt, had, within the four months preceding the filing of his petition in bankruptcy, transferred and disposed of certain of his property (describing it), with the intent to hinder, delay, and defraud his creditors. Upon the final hearing

the court sustained this objection and denied the discharge, from which Pirvitz has appealed to this court.

It would serve no useful purpose to attempt to give a detailed recital of the evidence, the reading of which presents to our minds but one conclusion; that is, that the object, purpose, and intent of Pirvitz, in making the several bills of sale, and the transfers of all of his property exempt from execution, in the manner and under the circumstances in which it was done, was to hinder and delay, if not entirely to defraud, John H. Pithan in the collection of his judgment, and the District Court rightly refused a discharge.

The decree is affirmed.