In re HENNEBRY.

(District Court, N. D. Iowa, C. D.   September 29, 1913.)

No. 967.

1. BANKRUPTCY (§ 408*)—DISCHARGE—OBJECTIONS—GROUNDS—TRANSFER IN FRAUD OF CREDITORS.

Bankr. Act July 1, 1898, c. 541, § 7 (8), 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), requires the bankrupt to schedule only such property as he owns, or in which he has some interest, at the time of making the schedule; and section 70a (4) vests in the trustee the property of the bankrupt conveyed or transferred by him prior to bankruptcy in fraud of creditors. *Held*, that a bankrupt's failure to schedule property alleged to have been transferred by him in fraud of creditors more than four months prior to the filing of the petition did not constitute such a concealment of the property as would bar discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

2. BANKRUPTCY (§ 408*)—DISCHARGE—OBJECTIONS—GROUNDS—FALSE OATH.

Verification of a bankrupt's schedules, from which property transferred more than four months before the filing of the petition is omitted, does not constitute the making of a false oath within the meaning of Bankr. Act July 1, 1898, c. 541, § 29, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), for which the bankrupt may be denied a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

3. BANKRUPTCY (§ 408*)—DISCHARGE—OBJECTIONS—TRANSFER OF PROPERTY—CONCEALMENT.

Where a bankrupt, having transferred certain property to his wife more than four months prior to filing his petition in bankruptcy, fully disclosed such transfer on his examination at the first meeting of creditors, and made no attempt to evade any question with respect thereto, or to conceal from his creditors or the trustee any of the property alleged to have been so transferred, the fact that he did not list the property in his schedules did not constitute a continuing concealment thereof from his trustee, constituting an offense punishable by imprisonment, as provided by Bankr. Act July 1, 1898, c. 541, § 29b (1) or (2), 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), so as to constitute ground for denial of discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

4. BANKRUPTCY (§ 408*)—DISCHARGE—GROUND—OFFENSE PUNISHABLE BY IMPRISONMENT.

An offense by a bankrupt punishable by imprisonment, as provided by Bankr. Act July 1, 1898, c. 541, § 29b (1) or (2), 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), in order to constitute ground for a denial of the discharge, must be established beyond a reasonable doubt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

In Bankruptcy.   In the matter of bankruptcy proceedings of William F. Hennebry.   On specifications of objections to the bankrupt's petition for discharge.   Overruled.   Discharge granted.

Kelleher & O'Connor, of Ft. Dodge, Iowa, for objecting creditor. Healy, Burnquist & Thomas, of Ft. Dodge, Iowa, for bankrupt.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

REED, District Judge. The bankrupt has filed a petition for discharge, to which the Citizens' National Bank of Belle Plaine, Iowa, one of his creditors, in due time filed specifications of objections upon the grounds in substance:

(1) That the bankrupt knowingly and fraudulently made a false oath to his schedules in bankruptcy in (a) that he was in fact the owner of 160 acres of land in the state of Colorado, of the value approximately of $1,000, which he had deeded to his wife, Ellen Hennebry, without consideration, and with intent to hinder, delay, and defraud his creditors; (b) that he was the owner of an undivided one-sixth interest in 83¾ acres of land in Du Page county, Ill., which he inherited from his father, and which he also deeded to his wife in March, 1912, while he was insolvent, which transfer was without consideration, and with intent to hinder, delay, and defraud his creditors, and particularly the objecting creditors; (c) that he was in fact the owner of a house and lot in the city of Ft. Dodge, Iowa, the title to which he caused to be conveyed by the former owner thereof in 1910 to his said wife with intent to hinder, delay, and defraud his creditors; that the bankrupt sold said property and caused the deed thereof to be made by his said wife to the purchaser for the sum of $4,400, $2,265 of which the bankrupt received, the remainder, $2,135, being the amount of the incumbrance upon said property, and caused $765 of said amount to be paid to certain of his creditors as a preference, and the balance, $1,500, was deposited to the credit of his said wife in the Washington Park National Bank of Chicago, Ill.

(2) That said bankrupt, at the time he signed and made oath to the schedules of his property, was the owner in equity of all of said property hereinbefore mentioned, but did not list the same in his said schedules, and did knowingly and fraudulently make a false oath to his said schedules, for the purpose of concealing his interest in said property from his creditors and from his trustee in bankruptcy.

(3) That said bankrupt also knowingly and fraudulently omitted from his schedules of debts certain creditors to whom he was in fact indebted, and to whom he paid certain sums of money as a preference, and thereby further made a false oath to his said schedules.

(4) That the bankrupt failed to keep books of account, from which his true financial condition might be ascertained.

The petition in bankruptcy (voluntary) was filed October 7, 1912, and the adjudication followed on October 10th. The alleged fraudulent transfers of his property with intent to hinder, delay, and defraud his creditors were all made several years before the filing of said petition in bankruptcy, except the property in Du Page county, Ill., and that was made in March, 1912; and the alleged false oaths to his schedules are based upon the ground that he failed to list in said schedules the property he had so conveyed to his wife in alleged fraud of his creditors, and the omission of certain of his creditors from such schedules.

Section 14 of the Bankruptcy Act, as amended in 1910, provides that:

"The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, * * * and discharge the applicant unless he had (1) committed an offense punishable by imprisonment as herein provided; or (2) with fraudulent intent to conceal his true financial condition * * * destroyed, concealed, or failed to keep books of account' or records from which" such "condition might be ascertained; * * * or (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay or defraud his creditors. * * *"

Section 29 of the Bankruptcy Act provides:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy; or (2) made a false oath or account in, or in relation to, any proceeding in bankruptcy. * * *"

Under section 14 of the Bankruptcy Act the concealment, transfer, or removal by the bankrupt of property with intent to hinder, delay, or defraud his creditors must be within the four months immediately preceding the filing of the petition in bankruptcy to warrant the withholding of the discharge upon that ground.

It is the contention of the objecting creditor that the failure of the bankrupt to list in the schedules the property alleged to have been concealed or transferred by him in fraud of creditors is a continuing concealment of property by him with intent to hinder and delay his creditors, and to conceal it from his trustee, and that the verification by him of such schedules is the making of a false oath in a proceeding in bankruptcy, and punishable by imprisonment under section 29b of the Bankruptcy Act.

[1] The bankrupt is required by section 7 (8) of the Bankruptcy Act to schedule only property that he owns, or in which he has some interest at the time of making the schedule; and by the form of schedule B—4 of property, in remainder or reversion, or held in trust for him, and property conveyed or transferred by him prior thereto in fraud of creditors, is not then his property, nor property in which he has any interest in remainder, reversion, or in trust that could legally be recovered by him from the person to whom he had so transferred it; but such property under section 70a (4) of the Bankruptcy Act vests in the trustee, who may recover it from the fraudulent vendee or grantee. If Congress had intended that the transfer of property by the bankrupt in fraud of creditors, or the concealment thereof by him with such intent, at any time prior to the bankruptcy, no matter how remote, would bar a discharge, it surely would not have limited the transfer or concealment for such purpose to a time within the four months immediately preceding the filing of the petition in bankruptcy. To hold that a fraudulent transfer of property made more than four months prior to the filing of the petition in bankruptcy will bar a discharge would be in plain disregard of the act of Congress. In Pirvitz v. Pithan, 194 Fed. 403, 114 C. C. A. 365 (Court of Appeals, this Circuit), cited by the objecting creditor, the transfer of the property

there found to be in fraud of creditors, and to defeat the discharge, was within the four months immediately preceding the filing of the petition in bankruptcy.

[2] Nor is the verification by the bankrupt of the schedules from which property so transferred is omitted the making of a false oath within the meaning of the Bankruptcy Act; for, as before stated, *the bankrupt* is not the owner of, has no interest in, and is not entitled in his own name or right to recover, such property. The provision of the Bankruptcy Act that the trustee may recover such property, if in fact it has been so transferred, has the effect of restoring it to the bankrupt estate for the benefit of the creditors, and this seems to be all that is contemplated by Congress as to property so transferred in fraud of creditors.

[3] It is also the contention of the objecting creditor that the failure of the bankrupt to schedule property so alleged to have been transferred in fraud of creditors more than four months before the filing of the petition is a continuing concealment of such property from his trustee, and that by so doing he has committed an offense punishable by imprisonment under section 29b (1).and (2) of the Bankruptcy Act, which will defeat his right to a discharge; also that such offenses, when alleged to defeat a discharge, may be proved by a preponderance of the evidence only, and not beyond a reasonable doubt.

The evidence as to the alleged fraudulent transfer of property by the bankrupt in fraud of creditors is alone that given by him in his examination at the first meeting of creditors. That examination fails to disclose any attempt upon his part to evade any question as to such transfers, or to conceal from his creditors or the trustee any of the property alleged to have been so transferred, and his statements in regard thereto seem to be full and frank. It cannot, therefore, rightly be said that there was any concealment of the property so transferred, other than the fact that it was not listed in his schedules, and the trustee and his creditors were then advised by him of the property so transferred, when and how he acquired the same, the purpose of the transfer, and the consideration he received therefor; so that, if it was in fact a fraudulent transfer, the trustee and creditors were then given full information by him in regard thereto, which would enable the trustee to recover the same if he, at his own instance, or at the instance of the creditors, felt disposed to make the attempt.

The omission of the property from the bankrupt's schedules alleged to have been so transferred may, in connection with other evidence of a fraudulent concealment of such property, be considered in determining whether or not there has been an intentional fraudulent concealment by the bankrupt of property to hinder, delay, and defraud his creditors; but the omission alone from the schedules of such property, especially when transferred more than four months before the bankruptcy, is not, as it seems to me, the offense contemplated by section 29b (1) or (2) of the Bankruptcy Act; but the offenses so denounced are concealments of property within the four months preceding the bankruptcy and false oaths in bankruptcy proceedings, other than mere omissions of such property from the schedules, and contemplate the

concealment of property by some other act or acts upon the part of the bankrupt than merely omitting it from the schedules, and affirmative false statements of some material fact or facts by the bankrupt in a proceeding in bankruptcy, willfully and intentionally made by him, knowing the same to be false.

[4] It is true that it is held by some of the courts of bankruptcy that the offense denounced by section 29b, when alleged to defeat a discharge, is not required to be proved beyond a reasonable doubt. If this be true, then the bankrupt may be denied a discharge by evidence of an alleged offense, which would be insufficient to convict him of that offense, if he was indicted and put upon trial therefor. He might thus be denied a discharge for an alleged offense, and afterwards acquitted thereof. It is not believed that Congress intended this, and in the absence of controlling authority I am unwilling to so hold.

As to the alleged failure of the bankrupt to keep books of account, with intent to conceal his true financial condition, it is sufficient to say that he was not engaged in any business, aside from that of the Hennebry Clothing Company, of which he was a member and an active manager, that would require him to keep such book accounts or records.

The conclusion therefore is that the specifications of objections to the discharge are not sustained by the proofs, and the discharge is granted. It is ordered accordingly.