### ARENZ v. ASTORIA SAV. BANK.

(Circuit Court of Appeals, Ninth Circuit. June 19, 1922. Rehearing Denied August 7, 1922.)

No. 3839.

1. **Bankruptcy ⊙⇒467—Whether the bankrupt fraudulently intended to put property beyond reach of creditors is question of fact.**

Whether there was a fraudulent intent on the part of the bankrupt to dispose of his property in such a way as to keep it beyond the reach of his creditors is largely a question of fact.

2. **Bankruptcy ⊙⇒414(3)—Evidence held to sustain finding of fraudulent disposition of property.**

Evidence that, shortly before voluntary bankruptcy, the bankrupt sold stock owned by him in a corporation of which he was an officer to his

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

father for its par value, and spent the proceeds, and that after the adjudication the father returned the stock to the bankrupt, who again became an officer of the corporation, *held* sufficient, with the admissions of the bankrupt, to sustain the finding of the master and the District Court that at the time of the sale he intended to avoid the inclusion of all his property in the schedules to be filed in the bankruptcy proceedings, so as to authorize refusal of his discharge.

3. **Bankruptcy** ⬅➡**467—Finding of special master, approved by District Judge, not disturbed, unless clearly erroneous.**

Findings by the special master, who heard the bankrupt testify, will not be disturbed, after approval by the judge of the District Court, unless clearly erroneous.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

In the matter of Theodore Arenz, bankrupt. From an order denying a discharge of the bankrupt, the bankrupt appeals, opposed by the Astoria Savings Bank, a corporation. Affirmed.

This is an appeal from an order denying a discharge to the bankrupt. Theodore Arenz, bankrupt, appellant herein, petitioned the District Court for an order of discharge, alleging that he was entitled thereto by reason of having been adjudged a bankrupt, and having surrendered all property and rights of property, and complied with the requirements of the bankruptcy laws. Section 9598, U. S. Comp. St. The Astoria Savings Bank, appellee, objected, on the ground that, subsequent to the first day of the four months next preceding filing of the petition, the bankrupt, with intent to hinder, delay, and defraud creditors, transferred certain property belonging to him. Discharge was denied, and the bankrupt appeals.

Among the facts disclosed by the record are these:

In 1920 Theodore Arenz and several members of his family were owners of the Oregon Contract Company, a corporation engaged in the paving business in Oregon. Arenz owned one share of the capital stock of the par value of $100. He was secretary-treasurer and a director of the corporation, and received a salary of $550 per month. Arenz became involved in financial difficulties, and on February 2, 1921, sold his share of stock to his father for $100, which he spent. On the day of the sale he resigned his positions with the company, and eight days afterwards (on February 10, 1921) filed a voluntary petition in bankruptcy. Four days later, however, his father, Jacob Arenz, transferred one share of the stock of the corporaton to Theodore, the bankrupt, and on that same day Theodore was again elected secretary-treasurer of the corporation.

There is some discrepancy in the several statements made by Theodore at the various hearings. Upon one occasion he testified that his sole purpose in selling the stock to his father was to avoid involving the corporation in his personal affairs, that he knew he was going into bankruptcy when he made the sale, and that he spent the proceeds. At one time he said he sold the stock because he needed the money and knew he was going into bankruptcy. At another time he said he and his father had had a misunderstanding, and that he desired to sever his connection with the company. At still another time he said he sold the stock, so as not to embarrass the corporation; that he thought of going into bankruptcy, but was undecided; that he had no intent to defraud any one; that he used part of the money received from his father to pay for bankruptcy proceedings; that the stock was transferred to him, and he was again made an officer of the corporation, and received the same salary that had previously been paid to him; and that during the few days between the sale to his father and the transfer of the share there was no deduction from the regular salary paid.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Sidney Teiser, of Portland, Or., for appellant.

W. W. Banks, of Portland, Or., and G. C. Fulton and A. C. Fulton, both of Astoria, Or., for appellee.

Before MORROW and HUNT, Circuit Judges, and DIETRICH, District Judge.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] Under the well-recognized rule, whether there was a fraudulent intent on the part of the bankrupt to dispose of his property in such a way as to keep it beyond the reach of his creditors was largely a question of fact. Dean v. Davis, 242 U. S. 438, 37 Sup. Ct. 130, 61 L. Ed. 419; Pirvitz v. Pithan, 194 Fed. 403, 114 C. C. A. 365. A reading of the record satisfies us that the master and the District Court were justified in concluding that at·the time of the sale of the stock Arenz intended to file a petition in bankruptcy, and that his purpose in selling was to avoid the inclusion of all of his property in his schedules to be filed in the bankruptcy proceedings. The fact that the stock was sold for $100 is not of importance, for the essential question is, not the amount involved, but the purpose which Arenz had in mind when he made the sale.

[3] The special master having had the advantage of hearing the bankrupt testify, and the findings having been approved by the District Court, the conclusions of fact will not be disturbed, unless clearly erroneous. Poff v. Adams et al., 226 Fed. 187, 141 C. C. A. 185; Remmers v. Merchants'-Laclede Nat. Bank, 173 Fed. 484, 97 C. C. A. 490; In re Breitling, 133 Fed. 146, 66 C. C. A. 212.

The order denying a discharge is affirmed.