## In re PLANK.

(District Court, D. Montana.    June 21, 1923.)

No. 2815.

1. **Bankruptcy ⊸408(3)—Transfer to wife before four-months period held no objection to discharge; "fraudulent concealment."**

Under Bankruptcy Act, § 14b, subd. 4 (Comp. St. § 9598), transfer of realty to bankrupt's wife for nominal consideration before the four months preceding petition for adjudication was not a "fraudulent concealment," barring discharge, although the deed was recorded within the four months' period, in view of sections 3, 60 (Comp. St. § 9587, 9643).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraudulent Concealment.]

2. **Bankruptcy ⊸404(1)—Discharge and objection are statutory.**

Discharge and objection are statutory, and the bankrupt is entitled to discharge, unless the objection comes within the statute.

In Bankruptcy.   In the matter of F. W. Plank, bankrupt.   On application for discharge.   Discharge granted.

A. L. Hughes, of Whitefish, Mont., for bankrupt.
David Ross, of Kalispell, Mont., for objecting creditor.

BOURQUIN, District Judge.   Objection to discharge, that within four months preceding petition for adjudication filed June 26, 1922, the bankrupt "knowingly and fraudulently concealed his property," real estate, "in that * * * for a pretended consideration of $1" he transferred it to his wife, "with intent then and there to hinder, delay and defraud his creditors."   Evidence, that the transfer was by deed on May 23, 1921, and recorded on May 29, 1922.   Theory of objector, that the four months' period commences to run from the record of the transfer, analogous to the like period in respect to acts of bankruptcy and preferences.

[1, 2] The error of the theory and the failure of the analogy are obvious, when it is noted that in the latter Bankruptcy Act, §§ 3, 60 (Comp. St. §§ 9587, 9643), so prescribes, and in the former it (section 14b, subd. 4, Comp. St. § 9598), does not.   This difference in legislative language must be given effect.   Discharge and objection are statutory.   The bankrupt is entitled to discharge, unless the objection comes within the statute.   It does not in the instant case.   The objection is overruled, and discharge is granted.

Whether or not the transfer is voidable by the trustee of the bankrupt's estate is not material here.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes