## MORIYAMA v. ALLEN.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1926.)

No. 4790.

**I. Bankruptcy** ⬅️449.

A judgment granting or denying a discharge is reviewable by appeal, under express provisions of Bankruptcy Act, § 25 (Comp. St. § 9609).

**2. Bankruptcy** ⬅️407(3).

Under Bankruptcy Act, § 14 (Comp. St. § 9598), a fraudulent transfer more than four months before filing of petition is not ground for denial of discharge.

In Error to the District Court of the United States for the Southern Division of the Southern District of California.

In the matter of S. Moriyama, bankrupt. To review a judgment denying his discharge on objection of James L. Allen, a creditor, the bankrupt brings error. Reversed and remanded, with directions.

Frank Birkhauser, of El Centro, Cal., for plaintiff in error.

James L. Davis, of Santa Ana, Cal., and Christopher M. Bradley, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. [1] This is a writ of error to review a judgment denying a discharge in bankruptcy. Section 25 of the Bankruptcy Act (Comp. St. § 9609) provides that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of

bankruptcy to the Circuit Court of Appeals of the United States, from a judgment granting or denying a discharge, and the remedy was therefore by appeal, and not by writ of error. The error is not jurisdictional, however, in view of section 10 of the Act of February 13, 1925 (43 Stat. 941 [Comp. St. Supp. 1925, § 1649b]). We simply refer to it as one of the many irregularities to be found in the present record.

Section 14 of the Bankruptcy Act (Comp. St. § 9598) provides that the bankrupt shall be discharged unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with intent to conceal his financial condition destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained; or (3) obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person; or (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; or (5) in voluntary proceedings been granted a discharge in bankruptcy within six years; or (6) in the course of the proceedings in bankruptcy refused to obey any lawful order of, or to answer any material question approved by, the court.

The objections to the discharge are not in the form prescribed by the Supreme Court. They are contained in a petition addressed to the court, alleging, on information and belief, that one of the claims listed with the trustee is a claim in the sum of $3,500 in favor of one Shimamura; that such claim is secured by a mortgage on certain real property in Imperial county, Cal.; that the value of such real property exceeded the sum of $3,500; that the mortgage was executed without consideration and for the purpose of maintaining unto the bankrupt the property or its value. Similar allegations are set forth in reference to a chattel mortgage. The prayer was that the matter be referred to the referee for investigation and that the petition for a discharge be denied.

[2] It is apparent at a glance that this petition sets forth no sufficient ground of opposition to a discharge. There can be no claim or pretense that it sets forth any statutory ground, other than that found in subdivision 4, supra. It would perhaps be sufficient, under that subdivision, if it appeared that the

mortgages were executed at a time subsequent to the first day of the four months immediately preceding the filing of the petition; but the petition contains no such allegation, whereas the evidence shows without contradiction that the mortgages were in fact executed long prior to the beginning of the four-month period. By declaring that a fraudulent transfer within the four-month period is a bar to a discharge, Congress by implication declared that a fraudulent transfer prior to that date will have no such effect. The objecting creditor seems to contend that a discharge may be denied on moral or ethical grounds, regardless of the statute; but this contention is wholly unfounded. The bankrupt is entitled to his discharge as a matter of course, unless an objecting creditor alleges and proves one or more of the statutory grounds of opposition.

The judgment is reversed, and the cause remanded, with directions to enter an order of discharge in conformity to law.