## In re FEINSILVER et al.

Circuit Court of Appeals, Second Circuit.
February 6, 1928.

### No. 146.

1. **Bankruptcy ⬥414(3)—Objecting creditors held to have failed to establish failure to enter sales specified as ground of objection to discharge.**

   Creditors, objecting to bankrupts' application for a discharge, *held* to have failed to establish specifications to effect that bankrupts had failed to keep books of account or record containing entries of certain sales.

2. **Bankruptcy ⬥415(3)—Denial of discharge on ground not covered by specifications held erroneous.**

   Denial of bankrupts' application for discharge on ground which was not covered by specifications filed by objecting creditors *held* erroneous.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Nathan Feinsilver and Fred Green, trading as Feinsilver & Green, wherein Albert Jaulus, Inc., a creditor, filed specifications of objection to application of a discharge. From an order denying the application for discharge, bankrupts appeal. Reversed and remanded, with directions.

Blau, Perlman & Polakoff, of New York City (William Blau and Samuel Mann, both of New York City, of counsel), for appellants.

A. S. Marcuson, of New York City (Samuel J. Rawak, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. Albert Jaulus, Incorporated, a creditor of the above bankrupts, filed specifications of its objection to their application for a discharge. The second specification, which is the only one relied on, was:

"That with intent to conceal their true financial condition they failed to keep books of account or records, and have destroyed and concealed books of account or records from which such financial condition might be ascertained, in that they did fail to enter certain sales, as well as proceeds of sales, and in other instances made entries of sales to the names of persons who were not in fact purchasers, and in many instances made sales for cash, no entry whereof, or of the receipt of said cash, appears in said books."

The master reported against a discharge on the ground that the bankrupts had failed to enter in their bills payable book a note to one Poses for $2,500, and a note to S. Green for $1,000, and the District Court confirmed this report, and denied the application for a discharge.

The sales books for 1922 and 1923 were lost after the filing of the petition, without fault of the bankrupts; but a firm of accountants, acting for a committee of creditors, had made some examination of them, and had made a report of their work. The work sheets on which this report was based had disappeared at the time of the hearing of the objections.

There was testimony by Feinsilver that the bankrupts borrowed $2,500 from his brother-in-law, Poses, and gave a note, payable on demand or in December, 1922, and that they paid $2,000 on account of this note by a check in evidence, dated January 29, 1923; also that they borrowed $1,000 from Green's brother, S. Green, on a demand note, as well as other sums, and paid him $1,800 on March 3, 1923, by check in evidence. While the master reported against a discharge, because these notes were not entered in the bill book for 1923, that book does not appear as an exhibit. It is stated by counsel for the appellants in their brief that it was never marked in evidence, this statement has not been contradicted, and Feinsilver testified that all loans for the firm were entered in the books. Indeed, the master himself, when speaking of the Green note during the hearing, said:

"What is the need of going into this? There hasn't been any testimony regarding that not being entered in the books."

Moreover, it is argued on behalf of the bankrupts that the bill book was only to enable the bankrupts to keep track of the maturities of their notes, and did not necessarily list notes payable on demand.

It is to be noted that the second specification was directed to the failure of the bankrupts to enter sales, or at least to enter them against the right persons, while the master only found that they failed to enter notes for borrowed money in the bill books. He, therefore, without any amendment of the specifications, made findings entirely outside of their scope.

[1] Counsel for the objecting creditors, on appeal, practically abandoned the grounds on which the master reported against the discharge, and rested his case on an item of $1,798, to which the master made no allusion. This item represented a sale of goods to Rabach & Lenkoffsky. The accountant said it was not entered in the books, but he admitted that he did not examine all the books that would have entries in regard to Rabach & Lenkoffsky. Feinsilver, after once testifying that he could not recall the sale, later said that it was entered. It is evident that, in view of the absence of the books, the testimony of one of the bankrupts that the $1,798 was entered in them, the inability of the accountant to produce his working sheets, and the conceded fact that he made no real audit of the bankrupts' affairs, the objecting creditors have not established their specifications.

[2] The disposition of the case in the court below was erroneous, because (1) the ground upon which the discharge seems to have been denied was not covered by the specifications; (2) if the specifications be regarded as amended to conform to the findings of the master, they are not supported by the evidence; (3) the item of $1,798, relied on by the appellants, though covered by the pleading of the specifications, is not clearly shown to have been omitted by the bankrupts from their books, or, if omitted, to have been so omitted with intent to conceal their true financial condition; (4) in view of the disputed questions of fact, and the confused state of the record, the testimony as to this

single item of $1,798 is not thought to establish bad faith and bar a discharge.

The order is reversed, and the proceeding remanded, with instructions to grant a discharge to the bankrupts.