Samuel L. Bailen, of Boston, Mass., for objecting creditors.

## In re HUNTLEY.
### No. 46623.

### District Court, D. Massachusetts.
### May 8, 1936.

BREWSTER, District Judge.

The above matter is before the court on bankrupt's petition for a discharge. The referee to whom were referred specifications of objections has reported adversely. He sustains two only of nine alleged grounds of objections. These are:

"6. That the Bankrupt herein has committed an offense punishable by imprisonment under the Bankruptcy Act in that he has knowingly and fraudulently concealed while a Bankrupt from his Trustee certain moneys and property, the exact amount and nature of which is at this time to this creditor unknown, belonging to his estate in bankruptcy."

And:

"8. That at divers times preceding the filing of his petition, the Bankrupt herein transferred to, or placed in the name of, his wife, Laura W. Huntley, of Melrose, in the County of Middlesex, vari-

ous amounts of money and property, real and personal, consisting of real estate in said Boston and said Melrose, shares of stock in cooperative banks, moneys in savings banks, automobiles, life insurance policies, etc., in fraud of the creditors of the said Bankrupt, with intent to delay, hinder and defraud his creditors."

■ He has also found that the bankrupt made a false oath in connection with the proceedings, but inasmuch as that ground is not specified it would seem, on the authorities, that bankrupt's application cannot be denied on that ground. In re Little (C.C.A.) 65 F.(2d) 777; In re Russell (D.C.) 52 F.(2d) 749; In re Feinsilver (C.C.A.) 24 F.(2d) 408; Scales v. A. L. Stone & Son (C.C.A.) 22 F.(2d) 676.

From the referee's report the following material facts appear: Bankrupt's petition was filed August 9, 1930. More than twelve months prior to the filing of the petition in bankruptcy, the bankrupt transferred to his wife, without consideration, certain bank deposits, shares of stock, and real estate. A corporation in which the bankrupt owned practically all the stock had previously filed a petition in bankruptcy. The trustee of the bankrupt corporation and the trustee of Huntley attacked the transfers and succeeded in effecting a settlement by which the bankrupt's wife paid to each of the trustees the sum of $6,500. The referee finds that these assets were, in fact, property of the bankrupt and transferred and assigned by him to Mrs. Huntley with intent to hinder, delay, and defraud creditors.

There is a further finding that some two months before bankruptcy the bankrupt took from his safe all of its contents, including between $600 and $700 in cash, and that during the examination the bankrupt was rather vague respecting all of these transactions.

■ Inasmuch as the transfers were not "subsequent to the first day of the twelve months immediately preceding the filing of the petition," it is obvious that the allegations of the eighth specification of objections cannot operate to bar plaintiff's discharge. This leaves the only question, whether he committed the offense of "knowingly and fraudulently concealing from his trustee property belonging to his estate in bankruptcy."

According to his report, the referee placed some reliance upon the fact that Mrs. Huntley paid $13,000 in equal amounts to the two trustees in bankruptcy in full settlement of their claims against her.

■ The bankrupt's attorney argues that the referee erred in so doing. It is doubtless true that the fact of a settlement of a controversy cannot be received as evidence of wrongful intent. Wigmore on Evidence, vol. 2, § 1061 (c). Furthermore, a settlement of a suit to set aside transfers, as fraudulent under Massachusetts Statutes governing fraudulent transfers of real and personal property, does not necessarily imply an admission of fraudulent intent, since every transfer which renders the transferor insolvent is voidable without regard to actual intent if there is no fair consideration. Mass. G.L.(Ter.Ed.) c. 109A, §§ 4, 9. But it does not follow that the facts relied upon may not be given weight on the questions—whether there were assets and whether the bankrupt attempted to conceal them.

■ The mere failure to include the property transferred standing alone would not be sufficient to defeat a discharge. In re Hennebry (D.C.) 207 F. 882. But if the transfers are without consideration and are made to bankrupt's wife, these facts are prima facie evidence of concealment unless the bankrupt promptly discloses. In re McCann (D.C.) 179 F. 575, 576.

In that case the court said: "The exceptants concede—and, indeed, the authorities would compel the concession—that if a bankrupt, while insolvent, conveys property to a near relative without consideration, and afterwards fails to disclose the existence of such property in his schedules, he is prima facie guilty of concealing assets from his trustee, although the conveyance may have been made more than four months before the petition was filed. I say prima facie, because such a transaction as is thus supposed may no doubt have been innocent; and, if its innocence be made to appear, the conveyance and the subsequent omission of the property from the schedules will interpose no obstacle to the bankrupt's discharge."

■ It is well settled that where a bankrupt has made a fraudulent conveyance of property to his wife and fails to mention the fact in his schedule, he is guilty

of concealment if there is other evidence which shows that, in fact, he retained a secret interest in the property so conveyed. In re Guilbert (D.C.) 169 F. 149; In re Graves (D.C.) 189 F. 847; In re Schroeder (D.C.) 264 F. 862.

Clearly, on the referee's report it cannot be ruled that the transfers were a bona fide gift to the wife. It is impossible to escape the inference, from the facts in this case, that the transactions involved were not innocent, and on the doctrine of In re McCann, supra, it would follow that the conclusions reached by the referee were sound. and that the bankrupt had failed to establish his right to a discharge.

His petition for discharge may be denied.