**In re DOODY.**

**BARRETT v. DOODY.**

No. 6173.

Circuit Court of Appeals, Seventh Circuit.

Oct. 18, 1937.

James J. Danaher, of Chicago, Ill., for appellant.

Arthur Goldblatt, of Chicago, Ill. (Edward Goldblatt, of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court confirming the report of a referee in bankruptcy, dismissing appellant's objections to the bankrupt's discharge, and discharging the bankrupt from all provable debts.

The facts presented to the referee, as set forth in his report, are substantially as follows: On January 23, 1932, the Universal State Bank closed its doors, and appellant was appointed its receiver by the Superior Court of Cook County. At and prior to this time the debtor owned one hundred shares of that bank's capital stock, was one of its directors, and chairman of its real

654

estate board. At the same time the debtor and his wife held in joint tenancy six parcels of real estate here in question.

Soon after his appointment as receiver, appellant filed suit in the Superior Court on the stock liability, and the debtor was served with summons on April 13, 1933. On April 20, 1933, the debtor, while insolvent, executed deeds, in which his wife joined, for the real estate here involved, to Elsie Hensel, unmarried, and a servant of the attorney who prepared the deeds. No consideration was paid by this grantee, or by anyone in her behalf, although revenue stamps were placed upon the deeds sufficient to cover a consideration of $36,000. On April 22, 1933, Miss Hensel executed her deeds for the same properties to the debtor's wife and daughter. All the deeds were acknowledged before the same notary public on April 28, 1933. Those of the first group were recorded on May 12, 1933, but the last ones were never recorded. The debtor entered his appearance in the stock liability suit on May 1, 1933, and judgment was rendered against him for his stock liability on December 28, 1934, in the sum of $10,013.16.

On October 14, 1935, appellant filed a creditor's bill in the Superior Court of Cook County against the debtor and others. On January 21, 1936, the debtor filed his petition in bankruptcy, omitting from his schedule of assets any of the real estate covered by the deeds hereinbefore referred to. On the next day appellant was enjoined by the bankruptcy court from further proceeding against the debtor under the creditor's bill. The debtor was adjudicated a bankrupt, and on March 6, 1936, he filed his petition for discharge.

Thereupon, on April 9, 1936, appellant filed his petition in the bankruptcy proceeding, in which he substantially set forth most of the facts hereinbefore recited, and alleged on information and belief that the bankrupt was still the owner of, or in some manner beneficially interested in, the property conveyed as hereinbefore stated; that said property was fraudulently conveyed by the bankrupt, and his interest therein was fraudulently concealed by him to defeat the payment of his creditors. He asked that the cause be re-referred to a referee, and that a trustee be appointed.

On April 27, 1936, appellant filed his objections to the bankrupt's discharge on the grounds that the transfer to Elsie Hensel was made for the purpose of hindering, delaying and defrauding the bankrupt's creditors; that at the time of filing debtor's petition in bankruptcy said property was held for him by Elsie Hensel in secret trust; and that he knowingly and fraudulently omitted said property from his schedule of assets, and knowingly and fraudulently concealed that property from his creditors.

On May 18, 1936, the court denied appellant's petition for a re-reference and for the appointment of a trustee. There was no appeal from this order. Appellant's objections to the discharge were referred to a referee for examination and report. On May 21, 1936, appellant filed a petition asking that the injunction issued by the bankruptcy court on January 22, 1936, be vacated, inasmuch as the court, when denying the motion for a re-reference and the appointment of a trustee, had stated that such procedure would be too expensive, and that the injunction might be vacated so that the petitioner could proceed against the bankrupt in the State Courts in Cook County, Illinois. The record does not disclose that this petition was acted upon, but the injunction was not made permanent in the final order of discharge.

On November 19, 1936, the referee filed his report in which he recommended a dismissal of appellant's objections to the discharge, to which appellant excepted. On January 11, 1937, the court confirmed the report, dismissed appellant's objections, and discharged the bankrupt from all debts provable against his estate under the Bankrupty Act (11 U.S.C.A. § 103) which were in existence on January 21, 1936, except such debts as are excepted by law from such discharge. From this order the appeal is taken.

The assignments of error are: (1) The court should have found that Elsie Hensel held the property on a secret trust for the benefit of the bankrupt; (2) the court should have found that the bankrupt had an interest in the property at the time he filed his petition which he failed to schedule; (3) the court erred in dismissing petitioner's objections to the discharge; (4) the court erred in approving the referee's report and in discharging the bankrupt; and (5) the order of the discharge was against the weight of the evidence.

Section 14(b) (4) of the Bankruptcy Act as amended, 11 U.S.C.A. § 32(b) (4) provides that if the bankrupt has at any time subsequent to the first day of the twelve months immediately preceding the filing of his petition, transferred, removed, de-

stroyed or concealed any of his property, or permitted the same to be done, with intent to hinder, delay, or defraud his creditors, it shall be a bar to his discharge. It is conceded that a fraudulent transfer of property prior to the twelve months referred to in this section will not, in and of itself, constitute a bar to the bankrupt's discharge. Moriyama v. Allen (C.C.A.) 13 F. (2d) 117; In re Plank (D.C.) 289 F. 900; In re Huntley (D.C.) 14 F.Supp. 784; In re Hennebry (D.C.) 207 F. 882.

Appellant contends, however, that the transfer here was in fraud of creditors, and even though it was executed almost three years before the petition in bankruptcy was filed, yet it was concealed continuously from its inception until the time of the presentation of appellant's objections to the discharge, and that the property thus conveyed was, and is now, held by the grantee or grantees for the bankrupt on secret trust. It is conceded that if these contentions were fairly supported by the evidence, the District Court would have been warranted in granting the relief demanded by appellant, but it is contended by the bankrupt that there was no fraud, no trust in his favor, and no concealment.

The referee made no specific finding as to fraudulent intent in the execution of the deeds, but he found that there was no trust created in which the bankrupt had any interest, and that there was no concealment, and that under section 14(b) (4) 11 U.S.C.A. § 32(b) (4) there was no basis for refusing the discharge. With these conclusions we are in accord. We find no error in the court's order of approval and discharge. It must be borne in mind that this appeal is solely from that order. There is no question raised here relative to the disposal of the injunction, or the failure of the court to appoint a trustee. Under these circumstances we may not consider the existence of fraudulent intent, if shown, in the absence of a concealed secret trust in favor of the bankrupt.

The record discloses nothing in the nature of a trust relationship, secret or otherwise, in which the bankrupt could be said to have retained a beneficial interest. True, it may be rationally inferred from subsequent events, that the grantee in the first deeds held the property in trust for the sole purpose of conveying it to the bankrupt's wife and daughter, but that created no beneficial interest of the bankrupt in the property conveyed. By that transfer the property went beyond his control, and he thereby divested himself of all interest in it, except the right to have it transferred to his wife and daughter, and this he could not do if he were guilty of a fraudulent intent to defeat his creditors. That contingency, however, never arose, for the subsequent deeds were signed by the first grantee within two days after she had received title. All the deeds were acknowledged before the same notary public on the same day, within a week thereafter, and two weeks later the first group were recorded in the Recorder's office of Cook County, which was almost three years prior to the institution of the proceedings in bankruptcy.

The only secrecy with respect to this entire transaction was the fact that the second deeds were never recorded. It may be said, however, that at the first meeting of creditors the bankrupt fully disclosed the transaction, and at the referee's hearing on appellant's objections to the discharge, the bankrupt fully described the entire transaction and submitted the second deeds for inspection. Under these circumstances we think there was no error in holding that there was neither trust nor fraudulent concealment proved. In re Hennebry, supra.

Order affirmed.