## In re WINIK.
### No. 29385.

District Court, D. New Jersey.
June 3, 1941.

Pesin & Pesin, of Jersey City, N. J., for bankrupt.

Bilder, Bilder & Kaufman, of Newark, N. J., for cross-petitioner.

FORMAN, District Judge.

The petition in bankruptcy herein was filed by Cecil Winik on July 5, 1939. Fifteen specifications of objections to his discharge were filed with the Referee. The first of those objections was sustained. The case is now before the court on the bankrupt's petition to review the denial of his discharge as well as the cross petition of the objecting creditor, Edgar A. Levy Management Corporation, for a review of the disallowance of the remainder of its objections.

The bankrupt was employed by the Winik Holding Company, a corporation controlled by his mother, Mary Winik. Several years before this proceeding an arrangement was made whereby his monthly salary check would be payable directly to his wife, Sylvia Winik. The checks were thus drawn, and the proceeds thereof were used to defray the living expenses of the bankrupt and his family. The bankrupt testified that the reason the salary which ranged between $6,000 and $9,000 annually was made payable to his wife was to keep it beyond reach of his creditors.

On or about November 24, 1938, the bankrupt obtained $1,500 from the Lescilnor Corporation, a corporation controlled by Mary Winik, for the purpose of forming the B-W Corporation. The money was exchanged for fifteen shares of stock of the B-W Corporation, and upon the subsequent liquidation of that corporation the fund found its way into the hands of Sylvia Winik who used the money for living expenses as in the case of the salary checks. The Referee found as a fact that the sum of $1,500 was not a loan to the bankrupt, but a gift by Mary Winik to her daughter-in-law, Sylvia Winik.

The first objection to the bankrupt's discharge is as follows:

"Within twelve months immediately preceding the filing of the petition in bankruptcy the bankrupt transferred, removed, destroyed, or concealed, or permitted to be transferred, removed, destroyed or concealed certain of his property, with intent to hinder, delay or defraud his creditors, in that

"(a) he caused his salary to be paid to his wife,

"(b) he transferred the sum of $1,500 borrowed by him from the Lescilnor Corporation to his wife.

The Referee concluded that the transfer of salary by the bankrupt was within the terms of Section 14, sub. c (4), of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c (4), providing as follows: "The court shall grant the discharge unless satisfied that the bankrupt has * * * at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors."

Numerous courts under the above statute have denied a discharge in cases wherein the bankrupt has transferred property to his wife or relative without consideration. Mitchell Co. v. Lawton, 3 Cir., 82 F.2d 689; In re Gurney, 2 Cir., 71 F.2d 144; In re Richter, 2 Cir., 57 F.2d 159; In re Huntley, D.C., 14 F.Supp. 784; In re Beckman, D. C., 6 F.Supp. 957; In re McCann, D.C., 179 F. 575. The property in these cases, however, does not consist of the periodic delivery of salary checks to the wife who used the proceeds thereof solely in support of the family as in the case at bar. Excepting the case of In re Beckman, wherein the wife was given $50 weekly by the bankrupt-husband for undisclosed purposes, each of the above cases involved single or

**4**

immethodical transfers to the wife out of the assets of the bankrupt-husband.

The Referee's conclusion was motivated primarily by the bankrupt's admission that the salary arrangement was made to keep it beyond the reach of his creditors, citing In re Gurney, supra. Therein, the bankrupt transferred his last salary check to his wife for household expenses. A portion of this money found its way back into the hands of the bankrupt, a large portion was used for household expenses, and a part in payment of taxes and interest on the home in which the bankrupt lived, title to which was in his wife. The court concluded that these "large expenditures for purposes not beneficial to Mr. Gurney's [the bankrupt's] creditors necessarily cast doubt upon the tendered explanation of why the $3,800 was given to his wife". [71 F.2d 145.] Accordingly, the denial of a discharge was affirmed.

The bankrupt argues: (1) That although his original intention was fraudulent, its fraudulent character was purged long before twelve months prior to the filing of the petition in bankruptcy, and that the delivery of the checks within the period was bona fide; (2) the transfer was made at the direction of his mother; (3) the proceeds of the checks were used exclusively for living expenses; (4) the complete disclosure in the schedules and during the hearings of the bankrupt's income overcame any presumption of intent to hinder, delay or defraud creditors; (5) the property in question is not such as is covered by Section 14, sub. c(4) of the Bankruptcy Act for it is merely salary used for household expenses, and, therefore, not subject to execution but only garnishment, and (6) the transfer did not actually deprive a creditor of its rights, because notwithstanding the transfer, creditors could have enforced their rights against the bankrupt's salary.

Similar facts and circumstances resulted in a decision favorable to the bankrupt in the case of Strane v. Schaeffer, 8 Cir., 87 F.2d 365, 366. There he had assigned his future salary to his wife's sister without consideration. Objections that this was a transfer of property with intent to hinder, delay or defraud his creditors under Section 14, sub. c(4), of the Bankruptcy Act were made. The court observed that it had been held that an assignment of pay to be earned by personal services in the future was not an act of bankruptcy under

Section 3, sub. a, 11 U.S.C.A. § 21, sub. a, that such an assignment would not create a lien which "would not be affected" by adjudication in bankruptcy under 67, sub. d, 11 U.S.C.A. § 107, sub. d, and, therefore, it concluded that it was not a transfer of property which would bar a discharge under Section 14, sub. c(4). The court relied on Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, in which case the bankrupt had borrowed from the Local Loan Co. the sum of $300 and as security for payment executed an assignment of a portion of his wages thereafter to be earned. Later his petition in bankruptcy was filed and he included the foregoing loan in his schedule of liabilities. Thereupon, the bankrupt commenced a proceeding in the court which had adjudicated his bankruptcy and ordered his discharge, praying that the Local Loan Co. be enjoined from prosecuting any action to enforce its claim against him under the wage assignment. The Supreme Court held that the assignment of future wages to secure the loan was not a lien within the meaning of Section 67, sub. d, of the Bankruptcy Act. It stated: "The earning power of an individual is the power to create property; but it is not translated into property within the meaning of the Bankruptcy Act until it has brought earnings into existence. An adjudication of bankruptcy, followed by a discharge, releases a debtor from all previously incurred debts, with certain exceptions not pertinent here; and it logically cannot be supposed that the act nevertheless intended to keep such debts alive for the purpose of permitting the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective or even arising from, or connected with, pre-existing property, but brought into being solely as the fruit of the subsequent labor of the bankrupt." 292 U.S. 234, 243, 54 S.Ct. 695, 698, 78 L.Ed. 1230, 93 A.L.R. 195.

In the case before us for the twelve month period prior to the filing of the petition in bankruptcy the bankrupt had participated in the diversion of his salary to his wife to be used for living expenses, admittedly for the purpose of defeating any attempt upon the part of his creditors to reach his salary. We are not dealing here with the right of the bankrupt to reserve to himself the undisturbed product of his future earning power. We have before us the disposition of his earnings acquiesced in by him in a manner intended

to preclude his creditors from capturing them or any part of them. At the time objection was interposed to his discharge and for a year prior to his adjudication, the property represented by his current earning power had been made to by-pass him by way of a device which placed his earnings in the hands of his wife directly from his employer. Thus, the protection afforded by the case of Local Loan Co. v. Hunt, supra, to future earnings is not to be invoked here. There the Court dealt with the effect of a discharge in bankruptcy on future earning power. Here we are dealing with a transfer of property in the *past* as it bears upon the consideration of the *past* conduct of the applicant for a discharge from bankruptcy as that conduct comes into impact with Section 14, sub. c (4), of the Bankruptcy Act.

Under such circumstances the finding of the Referee that objections to the bankrupt's discharge under that section has been sustained will be affirmed. This makes unnecessary a detailed consideration of the review of the remaining fourteen objections to the discharge raised by the cross petition of the objecting creditor.